UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| BETH P. ULLOM, | CASE NO. 05-64006 |
| Debtor. | ADV. NO. 07-6062 |
| VADOSE RESEARCH, INC., | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| BETH P. ULLOM, | |
| Defendant. | |

Two motions are before the court: Plaintiff Vadose Research, Inc.'s (hereafter "Plaintiff") motion for summary judgment, filed on September 10, 2007, and Defendant Beth P. Ullom's (hereafter "Defendant") Motion to Withdraw Admissions, filed on September 14, 2007. Responses were filed to both motions. The motions arise in an adversary proceeding filed by Plaintiff to find a debt allegedly owed to it by Defendant nondischargeable under 11 U.S.C. § 523(a)(4).

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(I). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Plaintiff filed an adversary complaint on May 11, 2007, seeking nondischargeability of a debt under 11 U.S.C. §523(a)(4). According to Plaintiff, Defendant held the position of Corporate Secretary and had the authority to write checks. Following termination of the check-writing privileges by the corporation, Plaintiff alleges that Defendant continued to write checks, including checks to herself, on the company account. Plaintiff seeks a judgment of $24,670.99, plus attorney's fees and costs.

The court held a pretrial conference on July 18, 2007 and thereafter entered a trial and

scheduling order. Discovery was to be concluded by October 31, 2007. On August 6, 2007, Plaintiff filed a Notice of Service of its First Request for Admissions, which was served to Defendant on August 3, 2007. Defendant failed to respond to the request. Plaintiff now seeks to have the requests deemed admitted; the deemed admissions form the basis of its motion for summary judgment. Upon the filing of the motion for summary judgment, Defendant filed a motion to withdraw the "admissions." Defendant admits receiving the admissions, and states that responses were timely drafted, but acknowledges that the responses were mistakenly misfiled before being finalized and returned to Plaintiff.

## DISCUSSION

**I.     Motion to Withdraw Admissions**

The court will first consider the Motion to Withdraw Admissions. The applicable rule is Federal Rule of Bankruptcy Procedure 7036, which incorporates Federal Rule of Civil Procedure 36. Under Rule 36(a), a "matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." It is undisputed that this did not occur. Defendant, however, moves for relief from the admission under Rule 36(b), which provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." The rule further states that "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 7036(b).

As recently recognized by the Bankruptcy Court for the Western District of Kentucky, the court has "considerable discretion" as to whether to permit the withdrawal of admissions. *See* Frentz v. Ligonberry Printing Co. (In re Thermoview Industries, Inc.), 2007 WL 2990630 (Bankr. W.D. Ky. 2007) (citing Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 154 (6th Cir. 1997)). Reviewing the standards set forth in Rule 36(b), the 'first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.' Vaughan v. Meridian Nat'l Corp. (In re Ottawa River Steel), 324 B.R. 636 (Bankr. N.D. Ohio 2005) (citing Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)); *see also* Riley v. Kurtz, 1999 WL 801560 *3 (6th Cir. 1999). The court finds that allowing the admissions to stand would severely hinder Defendant's ability to defend herself against Plaintiff's claims. In light of the fact that decision on the merits is encouraged, by both Rule 36(b) and federal jurisprudence, the court finds that permitting Defendant to withdraw the admissions would serve this end.

The second part of Rule 36(b) requires the court to look at the prejudice which would result to the party obtaining the admissions, namely Plaintiff. As explained by the Sixth Circuit, 'the prejudice contemplated by Rule 36(b) is not simply that the party who

initially obtained the admission will now have to convince the fact finder of its truth,' Kerry Steel, 106 F.3d at 154 (quoting Brook Village North Assoc. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982), but 'relates to the special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment.' Kerry Steel, 106 F.3d at 154 (quoting American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991)." Plaintiff points out that Defendant has consistently denied the allegations raised against her, so it is fully aware of Defendant's position. The only prejudice cited by Plaintiff is the further delay of this proceeding. In this case, the court finds that the delay does not rise the level of a "special difficulty" and therefore declines to find in Plaintiff's favor on the second prong. The court will permit Defendant to withdraw the admissions.

## II. Motion for Summary Judgment

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Plaintiff relies on the admissions as the basis for its section 523(a)(4) claim. In light of the court's decision to allow withdrawal of the admissions, Plaintiff's motion must fail because material facts remain in dispute. Consequently, Plaintiff's motion is not well-taken and will be denied.

An order in accordance with this opinion shall be entered forthwith.

/s/ Russ Kendig

---
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

R. Clint Zollinger, Jr.
Day Ketterer
200 Market Ave. N., #300
Canton, OH 44701

Michael J Moran
Gibson & Lowry
P.O. Box 535
234 Portage Trail
Cuyahoga Falls, OH 44222